Gaddis *v.* Durashy.

---

J. GADDIS and PIERSON v. FRANCIS DURASHY.

If an affidavit is made by one of two appellants, it ought to appear which of them it was, so that perjury if it has intervened, might be assigned on the affidavit.

It is not necessary to the validity of the affidavit that it should be signed by the person making it.

This was an application for a mandamus to the Court of Common Pleas, of the County of Monmouth, to reinstate an ap-

Gaddis *v.* Durashy.

peal, which had been dismissed on account of the insufficiency of the affidavit, filed by the appellants with the justice, at the time of demanding the appeal. The affidavit was endorsed on the appeal bond, and was as follows: "J. Gaddis and Pierson, the appellants, named in- the within bond, being duly sworn upon oath, say, that said appeal is not intended for the purpose of delay, and that they verily believe they have a just and legal defence to make upon the merits of the case.

Sworn and subscribed this 25th
June, A. D. 1832, before me, } J. GADDIS and PIERSON.
Daniel Smith, Justice, &c.

It was admitted that the affidavit in this case was made and subscribed by one of the firm of Gaddis and Pierson, and that the original appeal bond was also signed in the same manner and with one seal, which was afterwards supplied by a new appeal bond, executed under the hands and seals respectively of Jacob Gaddis and Daniel P. Pierson. It was also admitted, that the summons was issued, and the state of demand filed against J. Gaddis and Pierson, and judgment entered thereon.

*J. F. Randolph,* for motion.

*D. B. Ryall,* contra.

BY THE COURT. By the copy of the affidavit produced, it would appear that the appellants had made a sort of joint, or partnership affidavit, to which is subscribed the partnership name upon the affidavit itself; the court might intend that they had both been sworn and that one of them had subscribed the partnership name. But by the state of the case agreed upon by the parties, it is admitted that the affidavit was made by one of the defendants only, thus contradicting the *jurat,* or in other words, showing that the justice's certificate is untrue. If but one of the appellants made the affidavit, it ought to appear which of them it was, so that perjury, if it has intervened, though none is apprehended in this case, might be assigned on the affidavit. We do not decide that it was necessary to the validity of the affidavit, that it should be signed by the person making it; but this is signed in the partnership name, and as the partnership could not make an affidavit, the whole matter is rendered ambiguous and uncertain. The mandamus is therefore refused.